## Babcock *v.* Huntington.

### In the Court below,

DAN HUNTINGTON, *Plaintiff;* ELISHA BABCOCK, *Defendant.*

After a trial to the jury on the plea *not guilty,* and a verdict for the plaintiff, the omission of a *similiter* is not a sufficient ground of arrest.

A motion in arrest may be answered *ore tenus.*

THIS was an action for a libel ; to which the defendant pleaded the general issue ; and a verdict was found for the plaintiff.

The defendant moved in arrest of judgment, on the ground, that no issue was joined between the parties, nor put to the jury, in the cause. The Court found, that the facts stated in the motion were not proved, and were not true ; and thereupon over-ruled the motion.

The plea, *postea,* motion in arrest, and judgment, were as follows :

" *Huntington*
    v.
" *Babcock.*
} The defendant, in court, defends, pleads, and says, that he is not guilty in manner and form, as the plaintiff in his " declaration hath alleged, and hereof puts himself on the " country for trial.

" Per *Smith* and *Skinner.*

" *State of Connecticut,* ss. At a Superior Court, holden at " Litchfield, within and for the county of Litchfield, on the " first Tuesday of February, A. D. 1806.

" The Rev. *Dan Huntington,* of Litchfield, in the county " of Litchfield, plaintiff, *versus Elisha Babcock* of Hartford, " in the county of Hartford, defendant ; in an action or plea " of trespass on the case, set forth at large in the writ and " declaration of the plaintiff, demanding the sum of two " thousand dollars damages, and costs of suit, as *per* writ on

"file, dated the ninth day of April, A. D. 1804. By appeal
"from the court of common pleas in said county of Litch-
"field, this cause came before this court, at the term of
"February, A. D. 1805, and by legal continuances came to
"this term. And now the parties appeared, the plaintiff,
"by his attorney, *John Allen*, Esquire, and the defendant,
"by *Roger Skinner*, Esquire; and issue was closed to the
"jury on the defendant's plea, that he is not guilty in man-
"ner and form as the plaintiff in his declaration hath alleg-
"ed; and the parties were heard at large, with their witnes-
"ses, exhibits, and arguments; and the cause was commit-
"ted to the jury, who returned the following verdict:

"*Huntington*
   v.   } Defamation.
"*Babcock.*

"In this case, the jury find, that the defendant is guilty, in
"manner and form as the plaintiff in his declaration hath
"alleged; and therefore find for the plaintiff to recover one
"thousand dollars damages, and his costs;—as *per* verdict
"on file, which was accepted by the court.

"After verdict, and before any judgment rendered there-
"on, the defendant filed a motion in arrest of judgment, in
"the words following, *viz.*

"*Huntington*
   v.   } Trespass on the case for a libel.
"*Babcock.*

"And now the defendant in court, after verdict of the
"jury, who tried said cause, and before any judgment ren-
"dered thereon, by the court, moves the court to set aside
"said verdict, and that no judgment be rendered thereon,
"because he says, that no issue was joined by and between
"the plaintiff and the defendant in said action, to the jury,
"who heard, made up, and agreed upon said verdict in said

1806.

BABCOCK
*v.*
HUNTING-
TON.

" cause, nor was any issue ever put to the jury in said cause ;
" judgment, &c.

　　　　　　" *N. Smith* and *Skinner*, for the defendant.

　" As *per* motion in arrest on file.　And the parties were
" heard at large on said motion, with the arguments of their
" counsel ; and on due consideration, this court are of opi-
" nion, and do find, that the facts stated in said motion are
" not proved, and are not true ; and said motion is over-
" ruled.　And it is thereupon considered and adjudged, that
" in this case, the plaintiff shall recover of the defendant said
" sum of one thousand dollars damages, and his costs of
" suit."

　　*Smith* (of Woodbury) and *J. L. Smith,* for the plaintiff in
error.

　　1. To support a judgment, the proceedings must appear
to have been according to the rules of law.　In this case,
there was no replication to the defendant's plea ; no issue
was joined ; the parties never put themselves on the jury.
It has been decided by the Superior Court, that where a
plea is unanswered, it is considered as demurred to.　Judg-
ment ought, then, to have been for the defendant ; for the
plea was unquestionably good.

　　Attend to the nature of an issue, and it will appear, that
none was formed in this case.　An issue is formed by three
steps : a party sets forth certain facts ; the adverse party de-
nies them, and tenders an issue ; the party alleging the facts
then joins in the issue.　An issue cannot be formed in any
other manner.

　　After an issue is joined, a demurrer cannot be taken ; but
it is every day's practice to demur to a general traverse. (*a*)

　　No case can go to trial to a jury, until issue be joined.
A finding by a jury, without the parties putting themselves

　　(*a*) 2 *Stra.* 1022, *Marsham* v. *Gibbs.* S. C. *Ca. temp. Hardw.* 173.

upon that jury, is not legal ; and no judgment can be rendered thereon. If a party refuses, or neglects to put himself on the jury, it works a discontinuance.

In this case, the party who excepts to the judgment, is not the party who made the omission ; but in *Cooper* v. *Spencer*, (*b*) it was the party himself who had been guilty of the omission. The principal case is much stronger than that.

If the defendant should neglect to plead, and the jury should find a verdict, would not the judgment be arrested? But, it is as important, that the plaintiff should reply, as that the defendant should plead.

2. The finding on the motion in arrest is erroneous :

First, because it is apparent from the record itself, that the facts stated in the motion are true. A finding of a court respecting a record is not legal, unless supported by the record. But no joinder in issue appears from this record.

Secondly, because the facts stated in the motion are not traversed, and in no respect answered. There is the same reason that a motion in arrest should be answered, as that a special plea in bar should. Are our rules of pleading so loose, that a party cannot know, whether the adverse party denies the *facts*, or their *sufficiency ?* If no answer to this motion was necessary, it was because the omission had the effect of a demurrer : and, in that case, the court could not find as they did.

*Gould*, for the defendant in error.

If it were necessary to enter into an examination of the *English* cases, that of *Cooper* v. *Spencer* (*c*) might reasonably

(*b*) 1 *Stra.* 641.
(*c*) 1 *Stra.* 641, S. C, 8 *Mod.* 376.

1806.

BABCOCK
*v.*
HUNTINGTON.

1806.

BABCOCK
v.
HUNTING-
TON.

be questioned : Since, upon the point of amendment, it stands opposed to many other authorities; (d) and, as to both the points decided in it, appears to be shaken by the subsequent case of *Sayer* v. *Pocock*. (e)

But admitting, that in *England*, the omission of the *similiter* is a fatal defect ; the reason of the rule does not exist, and the rule itself is, therefore, inapplicable, *here*. This will be very manifest, if the nature and object of a *similiter* are considered, in connexion with the difference between the form of an *English* record and our own.

The *similiter* is, in strictness, no part of the pleadings : For, it neither alleges, denies, nor confesses and avoids any fact, relating to the matter in controversy ; and, when omitted by the party, it may be added, as a matter of course, before trial, by the *clerk of the papers*. (f) The *issue*, which consists only of an affirmative and a negative allegation, is completely formed without it : For it constitutes no part of either of those allegations, and of course, no part of the issue. The *similiter* is, indeed, nother more than a formal expression of the *consent* of the party for whom it is added, that the issue already formed shall be tried in a particular way—by the jury, or otherwise, as the case may be.

Granting, then, that the party's having consented to the trial, must, to prevent error, appear upon the record ; still, the *fact* of his having consented, is the substance of the thing : The *manner*, in which it appears, if it appears at all upon the face of the record, is the mere form, of which no advantage can be taken after verdict. And the reason, why the omission of the *similiter* has ever been holden fatal in *England*, is, that according to the form of the *English* record, this *fact* can appear in no other way, than by a *similiter*.

(d) *Cro. Jac.* 502, *Harris's* case. 2 *Hawk.* P. C. 348. 2 *Rol. Abr.* 59. 1 *Com. Dig. Amendment*, O.
( e) *Cowp.* 407.
(f) *Ib.* 408.

The *English postea* recites, merely, the appearance of the parties, the impanelling and swearing of the jury, and the verdict found ; (*g*) but does not, in any way, shew, that the parties joined in referring the issue to the jury. Hence, it is said in *Cooper* v. *Spencer*, that, as the issue-book was not right, " there was *nothing* to amend *by* ;" i. e. it no where *appeared*, that the party, for whom the *similiter* should have been added, consented to the trial. If, indeed, that fact had appeared upon the *record*, no amendment would have been necessary.

Our *postea*, on the contrary, always shews, (where the fact is so) that both parties referred the issue to the jury. Thus, in the present instance, it is expressly recited in the *postea*, not only that the " parties appeared," &c. as in the *English* record ; but that " issue was *closed*," (i. e. *joined* ) " to the " *jury*, on the defendant's plea," &c. and that " the *parties* " were heard at large, with their witnesses, exhibits and " arguments." It appears, then, upon this record, that the issue was *actually put* to the jury by *both* parties ; and this necessarily implies the *consent* of both, that the jury should try it. Hence, the allegations in the motion, that " no issue " was joined," &c. are not found, but on the contrary, are expressly negated. They could not be found ; since they contradict what before appears certain upon the record.

The rule, established in *Cooper* v. *Spencer*, is extremely inconvenient ; and was severely complained of by Lord MANSFIELD, in *Sayer* v. *Pocock*. " One is ashamed and " grieved," says that great judge, " that such objections re- " main. They have nothing to do with the justice of the " case, but only serve to entangle, without being of the least " aid, in preventing irregularity. *Without considering*, " whether it is within the statutes of *jeofails*, or not, it is best " to amend." As the *reason* of the rule does not exist here, our courts may reject it, with its inconveniences, without any violation of *English principles*.

(*g*) 3 *Ld. Ray.* 165. 309. 3 *Black. Com. App.* No. II. § 4.

1806.

BABCOCK
v.
HUNTING-
TON.

In trials before single ministers of the law, in this state, the issue has usually been joined *ore tenus*, and appears only in the *postea*. Among the frequent exceptions, which have been taken to the judgments of our magistrates, was it ever supposed, that they were erroneous for *this* cause? Upon the general issue, in criminal cases, the *similiter* is never added, in our practice: Are all our judgments, in criminal cases, erroneous?

The objection, that the motion in arrest of judgment is not answered, cannot be supported, either upon principle, or authority. No rule requires, that it should be answered. A train of special pleadings upon a *motion*, would be a novelty in judicial proceedings. The *English* forms, (*h*) as well as our own, are decisive of the question.

BY THE COURT,

The judgment was affirmed.

(*h*) 3 *Black, Com. App.* No. II, § 4