CHARLES MAXWELL *versus* SAMUEL POTTER.

In an action of trespass, if the defendant neglects to tender an issue, and the parties go to trial without any issue joined, and the plaintiff recovers a verdict, as upon the general issue, it will not be disturbed for this cause, on the defendant's motion.

In actions of trespass *quare clausum fregit*, the plaintiff prevailing recovers full costs, though the damages are less than twenty dollars.

ON EXCEPTIONS to the ruling of MAY, J., and on MOTION to set aside the verdict.

This was an action of TRESPASS *quare clausum fregit.* The declaration was in the usual form. The specifications of defence denied all the material allegations in the declaration, except the plaintiff's title to the *locus in quo,* which was expressly admitted.

The parties went to trial without any issue joined, and the jury rendered a verdict for the plaintiff for the sum of $2,87, *as upon the general issue.*

After verdict the counsel for defendant moved to set it aside, because no issue of law or fact had been joined. This motion was overruled, and judgment on the verdict ordered with full costs. To this ruling and order the defendant excepted.

*Goddard & Goodenow,* for the defendant.

I. The case finds that no issue of law or fact has ever been tendered or joined. Of course, then, no "issue" is presented to the jury, and their verdict of "guilty" can have no legal or binding effect on the defendant. No judgment can be rendered by the Court on such a finding of the jury. No principle is better settled than that there must be an "issue" presented, i. e., some "single certain material point *issuing* out of the pleadings of the plaintiff and *defendant,*" before there can be a legal trial by jury. Without such issue, duly formed and presented, the right of trial by jury cannot exist. Whether it was the fault of the defendant's counsel, or of the

plaintiff's counsel, or the fault of neither, that no plea was ever filed or tendered in the case, and therefore, none joined by the plaintiff's counsel, though it may be a question of curiosity, the *fact* cannot be disputed, that this case went to the jury, and they rendered their "verdict" upon it, without having any issue whatever before them.

If the counsel on either side are to blame for the omission to form an "issue," laches would seem quite as much imputable to the plaintiff as to the defendant. For, to the plaintiff belongs the opening of the case to the Court and jury, and it is certainly incumbent on him to show that there is some point for the Court or jury to determine, and so it would be his business to see that the issue is seasonably framed. But we need not discuss that question, for the case shows, conclusively, that no judgment can be rendered on the finding of the jury in the case at bar.

Enough must appear on the record to entitle the party to judgment on his verdict, otherwise a re-pleader will be ordered by the Court, on motion of either party. *Gerrish* v. *Train,* 3 Pick., 124, and this, too, no matter if the party making the motion committed the first fault in pleading, by which the "immaterial issue" was occasioned. And, in *Eaton & al.* v. *Stone,* 7 Mass., 312, Judge PARKER remarks, "It may be necessary for the Court to look into the whole of the pleadings, to see whether a judgment can be rendered; for it may be, although the defendant in this case has no right to a re-pleader, yet the pleadings on the part of the plaintiff *do not show any thing, on which he can be entitled to judgment.*". We would also refer to the case of *Magoun* v. *Lapham,* 19 Pick., 419, and cases there cited by Judge MORTON, to the effect that "where the pleadings are so defective that no valid judgment can be rendered upon them, the Court, in order that the parties may be restored to their legal rights, and justice be done them, will award a re-pleader." The case at bar is a novel one, and without precedent in the books, so far as we have investigated, but it is certainly much more *defective* in pleadings, and "immaterial" in issue, than any which we have

examined above, for here we have *no plea whatever* by defend- ant, and *an entire absence* of any " issue" framed by plaintiff and defendant.

II. The plaintiff is not entitled to full costs.   The title to real estate was not in issue, and he recovered but $2,87, damages.   The statute contemplates that the title to real estate will not be put in question unless it is raised by the defendant's plea or brief statement.   See R. S., c. 83, § 2.

*Record, Walton & Luce,* for plaintiff.

The opinion of the Court was drawn up by

APPLETON, J. — This was an action of trespass *quare clausum fregit.*   The defendant seasonably filed specifications of defence, in which he denied the commission of the alleged trespass.   The cause proceeded to the jury, who rendered a verdict in favor of the plaintiff, without the defendant's filing the general issue or any special plea.

By R. S., 1857, c. 82, § 18, " the general issue may be pleaded in all cases, and a brief statement of special matter of defence filed *or* a special plea, or, on leave, double pleas in bar may be filed."   As no special pleas were filed, and, as a brief statement of special matter of defence was filed, the defendant must be considered as having elected to proceed to trial in the first of the alternative modes prescribed by § 18; that is, upon the general issue and a brief statement.   The verdict was as upon the general issue.

But, it seems, neither the general issue nor any special plea was filed.   The ²defendant now moves the verdict be set aside and new trial granted, " because no issue, either in law or in fact, was ever tendered or joined by either of said parties, before said verdict or since."

The counsel for the plaintiff could not join any issue because none had been tendered.   It was the duty of the counsel for the defendant to tender such an issue as he should deem expedient for the preservation of the rights of his client.   Neglecting to do his duty, he claims that the verdict

be set aside, because there was no joinder of an issue not tendered. *Usually,* the party aggrieved moves to set aside a verdict, because of some error on the part of the Court, or some misconduct of the jury or of the opposing counsel, by which he may have been or thinks he may have been prejudiced. Here the defendant, without showing that he has been injured by the verdict, moves that it be set aside, because he neglected to do what the law requires of him. He seeks to take advantage of his own neglect. It would be a reproach to the law if he were permitted to do it. It would encourage negligence and reward inattention.

In *Whiting, in error,* v. *Cochran,* 9 Mass., 532, the Court say,—"if, however, it were true that the plaintiff below had neglected to join the issue tendered, and had gone to trial, and the defendant had appeared and defended the action before the jury, the verdict would have been good and the judgment to be supported." In *Stevens* v. *Bachelder,* 28 Maine, 219, there was no joinder of the issue, but the Court held the omission no sufficient cause to set aside the verdict. So, in *Babcock* v. *Huntington,* 2 Day, 392, it was held after a trial to the jury, on the plea *not guilty,* and a verdict for the plaintiff, that the omission of a *similiter* afforded no reason for arresting the judgment. But, in all these cases, there was no issue joined, and it was the fault of the plaintiff that this was not done, as an issue had been tendered, yet the Court refused to disturb the verdict, even at the instance of the party without fault.

But there are decisions of Courts of the highest authority on the very questions presented. It was held in *Sauerman* v. *Wickerly,* 17 S. & R., 116, that, after going to trial upon the merits, the Court will not reverse the judgment because there is no plea nor issue and blanks are left for dates and sums in the declaration. "To reverse," says GIBSON, J., in *Carl* v. *Commonwealth,* 10 S. & R., 365, "for a mere formal defect of this sort, after a trial on the merits, would be a grievance; and to avoid it, once for all, we will lay hold on the most trifling circumstance." After trial on the merits, the Court will not

Maxwell v. Potter.

reverse a judgment on the grounds that there were blanks in the declaration for dates and that there was no plea or issue joined. *Cullum* v. *Andrews*, 6 W., 516; *Long* v. *Long*, 4 Barr., 31. The defendant fails to show that he has been harmed by reason of the irregularity of which he was guilty, and, if he had been, it would have been the result of his own negligence. The verdict is in due form, and no satisfactory reason is perceived for its disturbance.

It is not necessary to consider whether the irregularity might not have been cured by requiring the defendant's counsel to file a plea, and the plaintiff's to join, nor whether counsel refusing to comply with such order would not be held liable as for a contempt of Court.

It has been decided, in the case of *Burnham* v. *Ross*, that the plaintiff is entitled to full costs.

*Exceptions overruled. —*
*Judgment on the verdict with full costs.*

TENNEY, C. J., and CUTTING, DAVIS, and KENT, JJ., concurred.

GOODENOW, J., concurred in overruling the exceptions, but dissented from the opinion of the Court upon the question of costs.