KING *against* LACEY :

IN ERROR.

By the statute of this state regulating appeals, and according to our established practice, a cause appealed may be proceeded with in the higher court, without reference to the pleadings in the court below.

In an action of book debt for more than 17 dollars, auditors may be appointed, without any previous plea.

*Fairfield,*
June 1831.

———

King
*v.*
Lacey.

Where the defendant in an action of book debt, in common form, before the county court, demurred to the declaration, and, on judgment against him, appealed the cause to the superior court, where the parties appeared, and on their motion, without any new plea, auditors were appointed to examine, audit, and adjust the accounts between the parties ; the auditors reported in favour of the plaintiff, their report was accepted and judgment was rendered for the amount awarded ; it was held, that the defendant, by thus uniting in the motion for the appointment of auditors, waived the demurrer ; and consequently, there was no error in the proceedings.

*Qu.* Whether a judgment, which is not disadvantageous to the plaintiff in error, will, in any case, be reversed.

THIS was an action of book debt, in common form, brought by *Lacey* against *King,* demanding 280 dollars. In the county court, the defendant demurred to the plaintiff's declaration ; the plaintiff joined in the demurrer ; and the court adjudged the declaration sufficient.   The defendant thereupon appealed the cause to the superior court.   The record of the proceedings in that court is as follows : " The parties here appeared ; and, on their motion, *Samuel Tweedy, Friend Starr* and *Sturges Sellick* Esqrs. were, by this court, appointed auditors, to examine, audit and adjust the accounts between the parties, and their award to make to the next term of this court."   At that term, the auditors made their report in favour of the plaintiff ; which was accepted by the court ; and judgment was rendered thereon for the amount awarded.   The defendant then brought a writ of error in this Court, assigning for cause of error, that the superior court did not decide the demurrer or render any judgment thereon ; that said court appointed the auditors to examine and adjust the accounts of the parties, while the demurrer was undecided and while it was pending ; and that said court, while the same state of pleadings continued, rendered judgment for the plaintiff.

*Sherman* and *Booth,* for the plaintiff in error.   They cited *Brown* v. *Chase,* 4 *Mass. Rep.* 436.   *Smith* v. *Goodrich,* 5 *Johns. Rep.* 353.   3 *Bla. Com.* 395.   1 *Swift's Dig.* 705.

*Betts,* contra.   He referred to *Babcock* v. *Huntington,* 2 *Day,* 392.   *Coleman* v. *Wolcott,* 4 *Day* 6. and to the practice in our courts.

WILLIAMS, J.   The complaint is, that the court appointed

auditors and rendered judgment upon their award, while a de- murrer was undecided before them, and without any plea. If it is conceded, that this demurrer was pending and undecided, it is very apparent that the defendant was not prejudiced, by the course which was adopted ; because it is manifest, that there was no legal exception to the declaration, and that judgment must of course have been in favour of the plaintiff ; and it seems agreed, as a general rule, that a man shall not assign that for error, which is for his advantage ; (*F. N. B.* 21 *f.*) nor what is not prejudicial nor hurtful to him. *William* v. *Gwyn,* 2 *Saund.* 46.

It is said, however, that the rule must be understood as restricted to cases, where the error arises from some fault in the process ; (*Kent* v. *Kent, Ca. tem. Hardw.* 51. S. C. 2 *Stra.* 971.) but where the error is in the manner of giving judgment, there, for the sake of regularity, it may be assigned. *Kent* v. *Kent,* ubi supra. *Heines* v. *Guie, Yelv.* 107. And so far has this been carried, that in the last cited case, where the jury gave 8*l.* damages and 2*d.* costs, and judgment was given without the 2*d.* assessed as costs, it was held erroneous, on writ of error, brought, it is believed, by the defendant himself. *Yelv.* 107. note (1) by *Metcalf.*

It would be curious to trace the progress of such technical opinions, and the hesitation with which they were adopted. We should find, that although one reason given, was, that the judgment is not perfect ; yet there was another, of no mean importance, given by Lord *Coke,* and the only reason given in another report of the same case, that it was for the benefit of the king. *Lady Wake* v. *The Bishop of Ely, Dyer,* 315 *a.* *Beecher's* case, 8 *Co.* 115. The decision in the latter case, was, that the plaintiff might bring a writ of error in a case where judgment was entered against him, because the court *had not amerced him.* A number of statutes have been passed in *England* to allow amendments in such cases, " not being against the right of the matter of the suit." 2 *Wms. Saund.* 47. n. 8. Whether we are to adopt what *Blackstone* calls " this unseemly degree of strictness," (3 *Bla. Com.* 410.) or the more liberal rule, that seems to have prevailed in *William* v. *Gwyn,* 2 *Saund.* 46. that a man should not reverse a judgment, unless he can show, that the error is to his disadvantage, it is not necessary to decide, in this case, according to the view I have of it.

*Fairfield,*
June, 1831.

King
*v.*
Lacey.

HARVARD LAW LIBRARY

*Fairfield,*
June, 1831.

King
*v.*
Lacey.

By our statute, an appeal from the county to the superior court, does not, like a writ of error, bring before the superior court the precise point only, that was tried in the court below ; but the cause comes up entirely unembarrassed by any previous proceedings ; and the defendant may plead anew, as if there had never been any plea below ; or the plaintiff may reply anew, in the same manner. Our practice, therefore, varies entirely from proceedings at common law in nature of appeals. Our statute, also, authorizes the court, in actions of debt on book, for more than seventeen dollars, to appoint three judicious men to audit and adjust the accounts, and their award being accepted, judgment is to be rendered thereon. *Stat.* 94. The court, then, had the power to appoint these auditors, not indeed to determine a demurrer, but to hear, audit and adjust the accounts.

But it is said, that the court should first have disposed of the demurrer, by rendering judgment upon it. That is true, if the demurrer was then pending for their decision. But is it so ? The defendant had indeed entered (probably for the mere purpose of an appeal) a demurrer in the court below ; but when he came into the superior court, he was not bound to try that demurrer, or abide by it one moment. He might have entered a denial that he owed the plaintiff, and put himself on the jury ; and this without any leave of the court. If he had done this, there can be no doubt that the court ought not, and would not, have taken any notice of the demurrer, but would have proceeded to try the issue in fact. Such has been the uniform course of proceeding in this state, so far as I know, in all cases of a change of plea in the superior court. Formerly, the party used to commence his plea by saying—" And now the defendant in court, *changing*, pleads and says ;" but the modern practice is, to put in a plea in the same manner as if no plea had been before entered, without inserting the word " changing," or any word of that import. The entry of a new plea has been considered a waiver or withdrawal of the former plea. Upon no other principle could we have a demurrer undecided on the record, and the general issue pleaded and tried ; and yet our records are filled with such cases ; and it was never suggested, to my knowledge, that the demurrer in the county court must be formally withdrawn, much less that a judgment must be rendered upon it, in such cases. If a defendant, by a *new plea*, is considered as waiving a demurrer, other acts may afford

evidence equally decisive, that he had waived it. In the present case, it is apparent, that the demurrer was frivolous, except for the purpose of removing the cause ; and when the defendant came into the superior court, he united with the plaintiff in requesting the court to appoint auditors. If he had entered his plea, and put himself on the jury for trial, which is nothing more than asking, in a legal form, that a jury may try, examine and adjust the account, it would be a waiver of his demurrer. Now, when he comes and asks the court to liquidate the account in another way, as they may, by the appointment of auditors, he must also be considered as waiving the demurrer. Certain it is, he does not ask the court for judgment upon his demurrer ; nor can we presume that the party solemnly joined in a request to the court to appoint auditors to try the demurrer. No ; when we see the defendant uniting in requesting auditors, knowing, as all must know, that auditors could be appointed only to examine, audit and adjust the account, and find the court appointing them, with a commission for that purpose, surely we may say, that the defendant waived his demurrer ; and he must stand on the same ground as if he had expressly abandoned it.

In the case of *Whiting* v. *Cochran,* 9 *Mass. Rep.* 532. where the general issue was pleaded in the county court and demurred to, it was claimed, that the record of the court shewed, that the demurrer was waived and issue joined to the jury ; and of this opinion was the court. But they said, that if the plaintiff below had neglected to join the issue intended, and had gone to trial, and the defendant had appeared and defended the action to the jury, the verdict would have been good, and the judgment supported. I cannot doubt, therefore, that the demurrer was waived, and that there was no error in the court in not giving judgment upon it. The case, then, stands upon the same grounds as if that plea had been expressly waived, or there had been none.

But it was said, that the judgment was erroneous, if it is to be treated as though there was no plea. Here again, it is incumbent on the plaintiff in error to prove, that some rule of law or some practice requires, that there should be a plea. The statute giving the court the power of appointing auditors, certainly does not require, that a plea shall be given before they are appointed. It leaves it entirely open to the court to appoint auditors according to their discretion. Unless there-

*Fairfield,*
*June, 1831.*

King
*v.*
Lacey.

fore, the court have established such a rule, or it has been sanctioned by long practice, I should not be disposed to reverse a judgment because there was no plea.   No rule of the court or practice in this state has been shewn to warrant the claim of the plaintiff in error.   So far from it, that nothing has been more common than the appointment of auditors in cases situated like the present.   The parties, probably apprized of their respective claims, have united in requesting a trial by auditors of their accounts.   It has been done.   This tribunal has examined and adjusted them ; and no law has been shewn, which satisfies me, that their doings ought to be disturbed.

I might advert to cases where the parties had gone to trial to the jury, and the *similiter* was not added, and our courts have refused to arrest the judgment.   *Babcock* v. *Huntington,* 2 *Day*, 392. 298. *Whiting* v. *Cochran*, 9 *Mass. Rep.* 532. And the *English* courts, where the defence was placed on other grounds, have refused to set aside the verdict.   *Grave* v. *Cliffe, Barnes* 445. *Rye* v. *Crossman, Barnes* 475.   But it is not necessary to look for analogous cases.   A practice so long and so general, under a statute of our own, ought not to be disturbed, merely to introduce another, more formal, but less convenient.

There is no error in the judgment complained of.

The other Judges were of the same opinion, except PETERS, J., who was absent.

Judgment affirmed.