## HUMPHREY *against* MARSHALL:

### IN ERROR.

The jurisdiction of the supreme court of errors is limited to errors in the judgment and decrees of the superior court; and the former court, on a writ of error before it, will take no cognizance of any errors that may have intervened while the cause was pending in the county court, not adjudicated upon in the superior court.

Where the defendant, in an action of *assumpsit*, pleaded, in the county court, the general issue, to which the plaintiff demurred ; the cause was thereupon appealed to the superior court, and from the record of the latter court it appeared, that the parties were at issue, as on file, and the testimony being heard, the court found the issue in favour of the plaintiff, and adjudged that he should recover of the defendant a certain sum in damages and costs of suit ; it was held, 1. that as it did not appear that any pleadings were had in the superior court, it would be presumed that the parties went to trial upon the issue joined in the court below ; 2. that this issue was properly before the court, and

a proper subject of its adjudication; 3. that the general issue being a good plea to an action of *assumpsit*, the judgment was, of course, erroneous, unless it could be presumed, that the issue on file was waived, and the cause tried on an issue in fact; 4. that the record in this case excluded such a presumption.

THIS was an an action of *assumpsit*, brought by *Thomas H. Marshall* against *Ansel Humphrey*, for money had and received, paid out and expended, &c. The writ was served, by attaching the defendant's goods.

In the county court, at its term in *August* 1839, the defendant pleaded in abatement the pendency of another suit, previously commenced, between the same parties, for the same cause.

To this the plaintiff replied, that when the former suit was commenced, the defendant was sheriff of the county of *Hartford*, and his body was not liable to arrest on civil process; that the officer who served the writ in that suit, could not then find any goods or estate of the defendant to satisfy the plaintiff's demand; and that since the commencement of this suit, the superior court, before which the former suit was pending, had not been in session in this county, and the plaintiff had had no opportunity to withdraw it, but intended to do so, at the next term.

The defendant, in his rejoinder, averred, that at the time of commencing the first suit, his body was liable to be arrested on civil process, and denied that the first suit was wholly ineffectual to secure said demand, but was altogether effectual for that purpose; and that this suit was brought to vex the defendant; and this, he prayed, might be enquired of, by the court.

The plaintiff added the *similiter*, thus closing the issue.

The county court thereupon adjudged the plea in abatement insufficient.

The cause, by regular continuances, came to the term of the county court in *August* 1840, when the defendant pleaded *non assumpsit*, and thereof put himself on the country. The plaintiff demurred to this plea, praying judgment. The defendant joined issue on the demurrer. The county court thereupon rendered judgment as follows: " The plaintiff appeared; the defendant also appeared; and the parties joined in a demurrer to the plea of the defendant, as on file; and

being fully heard thereon, this court is of opinion, that the plea of the defendant is sufficient in the law ; whereupon it is considered by this court, that the defendant recover of the plaintiff costs of suit, allowed to be the sum of "

*Hartford,*
June, 1843.
____
Humphrey
*v.*
Marshall.

From this judg ment the plaintiff appealed the cause to to the superior court. The judgment of the latter court was as follows: " Said cause was brought to the *September* term 1840 of this court, by appeal from the judgment of the county court for said county, *August* term 1840, and by legal remove comes to this term ; and now the parties appear, and are at issue, as on file, to the court. The testimony being heard, the court finds the issue in favour of the plaintiff, and adjudges, that the plaintiff recover of the defendant 97 dollars, 30 cents, damages, and 64 dollars, 48 cents, costs of suit."

The defendant thereupon brought a writ of error to this court, assigning for error, 1. that the county court adjudged said plea in abatement to be insufficient; 2. that after having so adjudged, it did not adjudge that the defendant should answer over ; 3. that it did not find the issue in fact between the parties upon the rejoinder of the defendant to the replication of the plaintiff, in favour of either party ; 4. that the superior court did not adjudge the defendant's plea of the general issue to be sufficient; 5. that it found an issue in favour of the plaintiff to recover of the defendant the sum of 97 dollars, 30 cents, damages, and costs of suit ; but what said issue was, which was so found, is not alledged, nor does it appear upon the record of said superior court.

The defendant in error pleaded, in this court, 1st, *Nul tiel record ;* 2dly, *In nullo est erratum.*

*Hungerford* and *Toucey,* for the plaintiff in error, contended, 1. That his plea in abatement was sufficient, and ought to have been so adjudged. 2 *Sw. Syst.* 202. *Gould's Plead.* 283. *Hart* v. *Granger,* 1 *Conn. Rep.* 174. *Beach* v. *Norton,* 8 *Conn. Rep.* 71. *Parker* v. *Colcord,* 2 *N. Hamp. Rep.* 36. Here is the naked case of the pendency of a prior suit between the same parties, for the same cause of action.

2. That the replication does not avoid the plea. The plaintiff did not attach the defendant's body in the second suit, though he might have done.

3. That the court should have found the facts in issue on the pleadings in abatement. *Nichols* v. *Palmer,* 5 *Day* 47.

4. That the proceedings in the county court may be revised here, by writ of error. By the appeal, the cause was removed to the superior court ; and the only final judgment is that of the superior court. Consequently, this is the only writ of error that could be brought; and now, this court will look through the whole record, and if any error has intervened, the final judgment will be set aside.

5. That the superior court obviously mistook the law, in adjudging the defendant's plea of the general issue to be insufficient.

*T. C. Perkins,* for the defendant in error, contended, 1. That the original plea in abatement was insufficient in itself ; as it did not shew that the first suit was within the jurisdiction of the court to which it was brought.

2. That if good in itself, it was avoided by the replication, shewing that the second suit was not brought for vexation, but was necessary to secure the debt. *Durand* v. *Carrington,* 1 *Root* 355. *Points of law,* 1 *Root* 562. 1 *Sw. Dig.* 611. *Gould's Plead.* 285. *Avery* v. *Wetmore, Kirby* 48.

3. That the omission of the county court to order a *respondeas ouster,* was no ground of error. The party did answer over, thereby waiving an order of the court.

4. That this writ of error was not sustainable, it being wholly or in part for error in the record of the *county court.* In the first place, this court has jurisdiction only of judgments or decrees of the superior court. *Stat.* 117. (ed. 1838.) Secondly, two records, even of the superior court, cannot be joined in one writ of error.

5. That there was no error in the judgment of the superior court. The record shews, that the general issue was pleaded in the county court; that no other plea was put in after the appeal; that the parties were at issue, as on file ; that the cause was *tried* in the superior court, "testimony being heard ;" and that the court *found the issue* in favour of the plaintiff, and rendered judgment for him to recover his damages and costs. This language is appropriate to the trial of an issue in fact, but not applicable to a judgment

upon demurrer. The demurrer must necessarily have been waived, and the trial had on the general issue. Will not this court now sustain the judgment? *King* v. *Lacey*, 8 *Conn. Rep.* 500. 503. *Waterbury* & al. v. *Darien*, 9 *Conn. Rep.* 252. 257. *Evans* v. *Gee*, 11 *Pet.* 80. 85. *Sauerman* v. *Weckerly*, 17 *Serg. & Rawle* 116. *Donahue* v. *Dougherty*, 5 *Rawle* 124. *The People* v. *Onondaga Common Pleas*, 1 *Wend.* 314. *Babcock* v. *Huntington*, 2 *Day* 392.

HINMAN, J. No notice can be taken of any errors, said to have intervened, while this cause was pending in the county court. It is not claimed, that jurisdiction of them is given to this court, by the express provision of any statute; but it is said, that as the erroneous judgment complained of, occurred on the plea in abatement, unless the party aggrieved can reach the error here, he is without remedy; as the superior court could not notice the plea in abatement, while the cause was pending in that court. This may be so; and yet it neither shows, nor tends to show, that we have jurisdiction. On the contrary, it rather shows that we have not. For, if the superior court could not notice the error, on the plea in abatement, it is for that reason that we cannot, as the jurisdiction of this court is confined to errors in judgments and decrees of the superior court; and if that court could render no judgment, nor make any decree in the matter, then there can be none to revise here. *Stat.* 117. (ed. 1838.) *Green* v. *Hobby*, 8 *Conn. Rep.* 165.

But the defendant was not without remedy. He had all the remedy the legislature intended that a party who pleads in abatement, should have. He could have appealed from the judgment on that plea, and have brought the matter of abatement directly before the superior court; and thus have laid the foundation for revising any erroneous proceeding thereon. By omitting to do this, he must be taken to have waived the plea in abatement in the superior court. *Stat.* 48. (ed. 1838.)

A more material question arises upon the judgment in the superior court. It does not appear, that any pleadings were had there; but the parties seem, by the record, to have gone to trial, upon the issue joined in the court below. And though that issue was formed, by demurrer to the general issue,

*Hartford,*
*June, 1843.*

*Humphrey*
*v.*
*Marshall.*

pleaded in the usual form, and was doubtless made up, for the mere purpose of appealing the cause; yet it was properly before the court; and the parties had a right, if they chose, to require judgment upon it; and as no one doubts that the general issue is a good plea, and as the judgment finds the issue in favour of the plaintiff, thereby finding the plea insufficient, the judgment is, evidently, erroneous; unless it is aided, by the presumption, that the issue on file was waived, and the cause tried on an issue in fact, which does not appear from the record. We should certainly be disposed to find such waiver, if there was any thing in the record on which to ground the presumption; as we have no doubt, that the parties really tried the cause, as upon an issue in fact, which, through the inadvertance of counsel, (the attention of the court not having been called to the pleadings) was not made up. In doing this, we should be sustained, by the late case of *King* v. *Lacey,* 8 *Conn. Rep.* 499. And, perhaps, it may not be going too far, to say, that if the judgment was so entirely inconsistent with the issue on file, as to show by inference, that the demurrer must have been waived, and an issue in fact tried, we might presume it to have been done, and thus sustain the judgment. The cases read to us, by the defendant's counsel, seem to sustain this position; but they go no farther, and, therefore, do not apply to this case. Here, the judgment not only stands well with the issue on file, and had the plea been insufficient, would have been the appropriate judgment in the case, but it refers expressly to *the issue on file,* as the one on which the judgment was rendered, and thereby excludes the presumption of an issue in fact.

But, it is said, that the judgment shows, that testimony was heard upon the trial; which could not have been done, upon an issue in law; and it is true, that the clerk, in entering up the judgment, says, " the testimony being heard, &c." which was not only unnecessary, but is, to say the least, a very unusual way of entering up judgment upon a demurrer. It is also true, that in entering up the judgment of the county court, in this case, the clerk has made use of a form of his own, and one to which it would be difficult to find any thing analogous in any other judicial proceeding. But we do not think, that this reference to the testimony is so entirely inconsistent with the idea that the judgment was rendered upon

the demurrer, as necessarily to contradict the express finding, that the judgment was rendered upon the issue on file.

By our practice, the courts assess the damages where judgments are rendered on default, or upon demurrer; (1 *Sw. Dig.* 784.) and in doing this, frequently hear testimony ; and the clerk might suppose it proper for the judgment to show it.

Upon the whole, we are satisfied, that the judgment of the superior court is erroneous, and must be reversed.

In this opinion the other Judges concurred.

Judgment reversed.