<em>Litchfield,</em><br/>July, 1849.<br/>——<br/>Sherwood<br/><em>v.</em><br/>Barlow.

---

19 477<br/>70 328

## WICKWIRE *against* THE STATE:

### IN ERROR.

The courts in this state will not entertain a motion, written or oral, in a criminal cause, to quash it, or erase it from the docket, except for defects apparent upon the face of the proceedings.

The defendant in a civil or criminal cause, appealed by him, may, in the appellate court, plead the same plea as that on which the judgment appealed from was rendered, or any matter of defence subsequent in its nature, which, according to the order of pleading established by the rules of the common law, he would have had a right to plead in the court below; but he cannot plead any matter which had been pleaded and determined in the court below, *prior* to that so pleaded and determined.

Therefore, where a complaint, purporting to be signed by *F*, as a grand-juror, was preferred by him to a justice of the peace, charging an offence within his jurisdiction; to which the defendant demurred; and the demurrer was overruled, and judgment in chief rendered against him; he then appealed from such judgment to the county court; and there offered a motion to erase the cause from the docket, and a plea in abatement, alleging in both, that *F* was not a grand-juror; such motion and plea being rejected by the county court, it was held, that this decision was correct.

In prosecutions for misdemeanors, if the defendant demur to the information or complaint, whether in abatement or otherwise, and it is overruled, he shall not have judgment to answer over, but the judgment will be final against him.

It is a rule of the common law, that the defendant in a civil or criminal suit shall not be permitted to plead, by way of defence, any matter which has been admitted, by his previous pleadings.

Where, on the trial of a complaint for selling spiritous liquors to *X, Y* and *Z*, persons addicted to habits of intoxication, knowing them to be so addicted, contrary to the statute, the prosecutor, after having proved the alleged habits of *X, Y* and *Z*, and the sale to them, offered evidence that the defendant had, for a long time before the sale complained of, been in the habit of selling to those persons spiritous liquors, to be drunk by them to excess; it was held, that such evidence was admissible, for the purpose of showing the defendant's knowledge of the habits of *X, Y* and *Z*.

Where, on the trial of such complaint, several of the witnesses summoned in behalf of the state, disobeyed the *subpœna* served upon them, and were arrested, by virtue of a *capias*, and brought before the court; after the conviction of the defendant, it was held, that the costs of such *capias* were properly taxable against him.

THIS was a complaint, preferred to a justice of the peace, by *Fitch Ferris,* described as a grand-juror of the town of *Canaan,* against *Ransom Wickwire,* for a violation of the statute regulating the sale of spiritous liquors.

The complaint contained eight counts; but it is not necessary to state any of them, except the third, fifth and seventh. In the third count, it was alleged, that the defendant, at *Canaan,* on the 10th of *November* 1847, sold spiritous liquor, to *Truman P. Stoddard,* a person addicted to habits of intoxication, the defendant knowing him to be so addicted. The fifth count alleged, that the defendant, at the time and place aforesaid, sold spiritous liquor to *George Fellows,* a person addicted to habits of intoxication, the defendant knowing him to be so addicted. The seventh alleged, that the defendant, at the time and place aforesaid, sold spiritous liquor to *Harlow Deming,* a person addicted to habits of intoxication, the defendant knowing him to be so addicted.

The defendant being brought before the justice, and being

put to plead, alleged, that the complaint and matters therein contained, were insufficient in law ; praying judgment, &c. The prosecutor replied, that the complaint and the matters therein contained, were sufficient in law. The justice thereupon rendered judgment as follows : " This court; having heard the arguments of the parties, and duly considered the same, is of opinion, that the aforesaid complaint of *Fitch Ferris,* grand-juror, and the matters therein contained, are sufficient in law ; and it is thereupon considered, that the prisoner pay a fine of 1u dollars on each count in the aforesaid complaint, amounting to 80 dollars, together with costs of prosecution, taxed," &c.

*Litchfield,*
July, 1849.

Wickwire
*v.*
The State.

From this judgment, the defendant appealed to the county court, and the cause was entered in the docket at its term in *December* 1847. At this term, *Leman Church* Esq.,attorney for the state, appeared to prosecute the complaint ; and the defendant also appeared, and filed the following written motion : " The defendant in court prays judgment of said complaint, that the same be erased and dismissed. and he no longer holden to answer thereto, because, he says, that said complaint is signed, and was preferred against him, by one *Fitch Ferris,* as a grand-juror of said town of *Canaan,* and is not otherwise signed, and was not, and is not, in any other manner, preferred against the defendant. And the defendant says, that in fact said *Fitch Ferris* was not, when he signed said complaint, and when he preferred the same, a grand-juror of said town ; and was not legally appointed to serve in the office of a grand-juror, by said town ; nor in any manner, lawfully authorised to sign and prefer said complaint. All which the defendant is ready to verify ; wherefore he prays judgment, that said complaint be erased and dismissed, and he no longer holden to answer thereto."

This motion being opposed by the prosecutor, the court refused to erase the cause from the docket, on the ground that the error ought to appear on the face of the record, and that parol testimony was not admissible, under this motion, to show that *Fitch Ferris* was not a grand-juror.

The defendant then, at the same term, filed a plea in abatement, alleging the same facts, as in the motion to erase ; praying judgment that said complaint be dismissed, and he no longer holden to answer thereto. The proesecutor object-

ed to the acceptance of this plea; and the court refused to accept it, because the defendant had demurred to the complaint, in the justice's court, before he offered this plea.

The cause was tried, before the county court, in *April* 1848, on the plea of *Not guilty.*

On the trial, the prosecutor, after having offered *George Barse*, to prove one act of selling spiritous liquor, under the third, fifth and seventh counts in the complaint, claiming such evidence to be admissible, for the purpose of proving that *Stoddard, Fellows* and *Deming* were addicted to habits of intoxication, and that such habits were known to the defendant, before the selling complained of, offered other witnesses, to prove, that the defendant had, for a long time before the offence complained of, been in the habit of selling to those persons spiritous liquors, to be drunk by them to excess. To the admission of this evidence, the defendant objected; but the court admitted it.

The prosecutor then inquired of one or more of the witnesses respecting several acts of intoxication, by *Stoddard, Fellows* and *Deming*; and after such inquiry, offered to prove, by such witness or witnesses, that from his or their knowledge of those persons, and of their habits, they were addicted to habits of intoxication; or he made the inquiry, whether they were, from what he or they knew of their habits, addicted to habits of intoxication, or not. To this evidence the defendant objected; but the court admitted it.

The prosecutor, in reply to the objection, and in his remarks to the jury, disclaimed the introduction of this evidence, after the testimony of *Barse* to the proof of a single sale to each of the three persons before-named, for any other purpose than to show the knowledge of the defendant of the habits of those persons. And the court particularly instructed the jury, that any proof of more than one sale to either of said persons, was admissible only to show the knowledge of the defendant of their habits of intoxication; and that the prosecutor, having offered *Barse* to prove a single act of sale to each of those persons, was confined in his proof to those particular instances of sale; and that if the testimony in regard to other sales did not prove a knowledge, on the part of the defendant, of the habits of intoxication of those men, it was to be laid out of the case.

Several of the witnesses summoned to appear and testify in behalf of the state, disobeyed the *subpœna* served upon them, and were arrested and brought before the court, by virtue of a *capias* issued for that purpose. After a verdict against the defendant, on the third, fifth and seventh counts, the prosecutor claimed to tax against him the costs, amounting to 19 dollars, 60 cents, which had accrued by virtue of such *capias.* This was objected to, by the defendant, but was allowed by the court.

The defendant filed a motion in arrest of judgment, alleging, that the several counts, on which the defendant was found *guilty,* were wholly insufficient in the law to warrant the court to render any judgment thereon.

A writ of error being brought, by the defendant, in the superior court, it was reserved for the advice of this court.

*Seymour,* (with whom was *F. Bacon,*) for the plaintiff in error, contended, 1. That a complaint, signed and preferred, by any other person than an informing officer, is *absolutely void. Kingsbury* v. *Clark,* 1 *Conn. R.* 406.

2. That the written motion to erase the cause from the docket, when filed, became a part of the record ; and it was the duty of the court to inquire into the truth of the facts alleged, for the purpose of determining its jurisdiction. A question to the jurisdiction may be raised, by a motion to erase, as well as by plea ; and whenever the court discovers, at any stage of the proceeding, that it has no jurisdiction, it is bound to erase the cause from the docket. 1 *Sw. Dig.* 606. *Ketland,* q. t. v. *The Cassius,* 2 *Dall.* 365. 368. *Commonwealth* v. *Davis,* cited in *Commonwealth* v. *Porter,* 2 *Pick.* 559.

3. That the court erred in rejecting the plea in abatement. In the first place, the fact that the complaint was not signed by proper authority, is matter of abatement, as going to the jurisdiction. *Hinman* v. *Taylor,* 2 *Conn. R.* 357. Secondly, the cause was a new one in the county court, and the defendant might there plead anew.

4. That the defect in the complaint, shown both in the motion to erase and in the plea, was *not waived,* by the demurrer before the justice. In the first place, a demurrer is no plea, but a mere excuse for not pleading ; and therefore, admits nothing, except for the purpose of trying the de-

*Litchfield,*
July, 1849

Wickwire
*v.*
The State.

murrer. Secondly, in criminal proceedings, a demurrer is set down, in the order of pleading, after pleas to the jurisdiction, and before pleas in abatement. 4 *Bla. Com.* 333. *Chitt. Crim. Plead.* 439. Thirdly, in practice, a demurrer is put in, for the mere purpose of taking the cause up by appeal ; and the statute, which allows an appeal in criminal causes, is to be liberally construed, so as to give the appellant the full benefit of all exceptions, which he might make before the justice. The defendant has a right to demand a trial by jury of the question now under consideration. Fourthly, as an exception of this character goes to the jurisdiction of the court, so far from its being waived by a demurrer, it may be made even after verdict. *Commonwealth* v. *Davis*, 2 *Pick.* 561. 563. Fifthly, although in civil causes matters *dehors* the record cannot in general be brought before the court, except by a regular plea ; yet in criminal proceedings, the practice is much more liberal, and motions to abate or quash the indictment, are of every day's occurrence, both for extrinsic and intrinsic causes. *Chitt. Crim. Plead* 301. *The People* v. *Monroe Oyer and Terminer*, 20 *Wend.* 108. Sixthly, the defendant, in his motion and plea, alleged, that *Fitch Ferris* was not, when he signed the complaint, a grand-juror ; and the only question then was, whether parol testimony was admissible to show that he was not a grand-juror. This was a mere question of *fact*. If the town record showed a regular appointment, the defendant might show, by parol, that *Ferris* was not an elector, or not twenty-one years of age, and therefore ineligible. Such proof must necessarily be parol.

5. That evidence, showing that the defendant had sold spiritous liquor to *Stoddard*, *Fellowes* and *Deming*, at other times than those specified in the complaint, was improperly admitted. In the first place, if it proved anything, it proved a distinct offence, which might be a ground for a distinct prosecution. Secondly, it did not conduce to prove the commission of the offence charged in the complaint : one crime can never be proved, by evidence of the commission of another. Thirdly, if the object was, as claimed by the prosecutor, merely to show the defendant's *knowledge* of the habits of those men, it could have been attained, by showing acts of sale to them, by others, in his presence, without

proving a sale by *himself*, the only effect of which would be, to prejudice his case in the minds of the jury.

*G. H. Hollister* and *Peet*, for the defendant in error, contended, 1. That according to our practice, the court never dismisses a cause for want of jurisdiction, on a motion to erase it from the docket, unless the objection appears upon the face of the proceedings. Where the fact upon which the jurisdiction depends, lies out of the cognizance of the court, it must be presented, by a proper plea, and brought before the court according to law. 1 *Conn. R.* 170. *Nye* v. *Liscombe,* 21 *Pick.* 263. 265. *Simonds* v. *Parker,* 1 *Metc.* 508.

2. That the complainant was a grand-juror *de facto,* and the proceeding regular on its face. *Extrinsic* evidence was therefore inadmissible to show a defect in his appointment. *Plymouth* v. *Painter,* 17 *Conn. R.* 585. If a writ be served by an officer *de facto,* it will not abate. *Bucknam* v. *Ruggles,* 15 *Mass. R.* 180. *Fowler* v. *Bebee,* 9 *Mass. R.* 231. *Commonwealth* v. *Fowler,* 10 *Mass. R.* 290. 301.

3. That a demurrer is a plea *in bar;* and the defendant, by such a plea, before the justice, and by his appeal to the county court, has *waived* all objection to the jurisdiction.

4. That the evidence introduced to show, that the defendant had been in the habit, before the offence complained of, of selling spiritous liquor to *Stoddard,* *Fellows* and *Deming,* to be drunk to excess by them, was admissible, to show, that the defendant *knew* they were addicted to habits of intoxication.

STORRS, J. In this case, the defendant below, before the justice of the peace, to whom the complaint was originally preferred, for an offence within his jurisdiction, interposed a demurrer to the complaint, which was overruled by the justice; who thereupon rendered judgment against the defendant for the penalty prescribed by law. From this judgment the defendant appealed to the county court, where he, in the first place, presented a motion to erase the cause from the docket, on the ground stated therein, that the person who signed the complaint, as a grand-juror of the town of *Canaan,* was not a grand-juror of that town, and not authorized

to sign the same as such. This motion was overruled, and evidence refused to be received in support thereof, on the ground that the defect did not appear on the face of the proceedings. We think that this decision was correct, and for the reason stated by that court. It has never been the practice in this state, for courts to entertain a motion, whether written or oral, in a criminal cause, to quash it, or erase it from the docket, except for defects apparent on the face of the proceedings: nor are we aware of any case, in which such a motion has prevailed. Even in cases where the ground of the motion is apparent on the record, courts will exercise the power of quashing with great caution, and only in very clear cases. But to do so where the facts are extrinsic, would lead to irregularities in the proceedings, be attended with much practical inconvenience, and especially in oral motions of this description, be altogether anomalous, inasmuch as the record would not disclose the ground on which the cause was disposed of, nor furnish any future practical guide in similar cases.

This motion being overruled, the defendant offered a plea, in the form of a plea in abatement, alleging the same facts as those stated in the motion; which the county court refused to receive. In this decision we think that there was no error.

The demurrer was the only plea or answer to the complaint, interposed by the defendant, before the justice; and from the judgment on the demurrer only, was the appeal taken to the county court. The principle which is established, and has always been followed here, both in civil and criminal causes, with respect to the character of the pleas which a defendant, in a cause appealed by him, has a right to enter in the appellate court, is, that he may there plead the same plea as that on which the judgment was rendered which was appealed from, or any matter of defence subsequent in its nature, which, according to the order of pleading established by the principles of the common law, he would have had a right to plead in the court below, if no appeal from its judgment had been taken; or, in other words, which, by those rules, he might have pleaded in the appellate court, if, originally, the cause had been brought and the pleadings had taken place there. This rule precludes the defendant, as in justice it should, from re-trying any issue,

which had been formed on the pleadings, and determined in the court below, prior to that from the judgment on which the appeal is taken, while it gives him the right to re-try the latter, or any other issue involving a matter of defence, which had not been previously, by legal construction, impliedly waived, or admitted to be untrue. This cannot produce any hardship or injustice to the defendant, who has only to appeal from any judgment, by which he deems himself aggrieved, and which he wishes to review in the appellate court. The correctness of the decision of the county court, in refusing to receive the plea which was there tendered, by the defendant, therefore, depends on the question, whether he would have had a right to offer that plea in the justice's court, or in the county court, in case the suit had originally been brought there, after the demurrer had been there overruled.

It is to be observed, that in this case, the complaint purports to be signed and presented to the justice, by *Fitch Ferris*, as a grand-juror of the town of *Canaan*; and that he is described therein to be such grand-juror. As it respects his official authority, it is good upon its face. If the person signing the complaint as a grand-juror, was not such in fact, it could only be made to appear by averment of matter extrinsic of the record. It would be abateable, only by a plea in abatement, or of that nature, alleging the fact of the want of such authority, in the mode adopted in the plea which the defendant tendered, and which was refused to be received in the county court. A demurrer in abatement, as it is, in criminal pleadings, termed, which, like all other demurrers, impliedly admits the facts stated in the pleading to which it is taken, and which, in this case, was the complaint, without the allegation of any other matter, and relies merely on their insufficiency in law for the purpose for which they are alleged, would not reach a defect in this complaint, founded on a want of such authority, for the reason that such want of authority does not appear on the face of the complaint. It is therefore obvious, that the demurrer before the justice, in this case, was not, in its character, a demurrer in abatement for any defect in the proceeding, on account of a want of official authority in the person signing the complaint, and concluding with a prayer that the process might be abated

*Litchfield,*
July, 1849.

Wickwire
*v.*
The State.

or quashed, but that it was a demurrer in bar for the defectiveness of the allegations in the complaint, in subtance or form, and concluding with a prayer that the defendant might be discharged from the premises. Its form, also, shows it to be of the latter description. We find less said in the modern books on the subject of these two kinds of demurrers, because the latter kind, especially, has gone almost into disuse, owing to the circumstance that a doubt has arisen as to the judgment to be given against the defendant, if he is unsuccessful on his demurrer ; and also because the defects which it reaches, can be taken advantage of, after verdict, by motion in arrest or writ of error: but the difference between them seems formerly to have been distinctly recognized in *England,* particularly with reference to the judgment to which the defendant was supposed to be subject, in cases of felony, if the demurrer to the indictment was overruled. It was always held there, on indictments for felony, that if there was a demurrer in abatement, praying judgment of the indictment and that it might be quashed, the prisoner was never precluded from pleading over to the felony, if the demurrer was overruled ; but it was much doubted whether, if the demurrer was general, concluding in bar, and the indictment was held to be valid, final judgment should not be given against him ; although, at the present day, the better opinion is, that he shall have judgment to answer over, in every case of felony, where the demurrer, whether in bar or abatement, is adjudged against him. But in cases of mere misdemeanors, it is settled, that if the defendant demur to the indictment, whether in abatement or otherwise, and it is overruled, he shall not have judgment to answer over, but the decision will operate as a conviction, and the judgment will be final against him.

The subject of these demurrers is here more particularly noticed, on account of the order, to which we have been referred, by the defendant's counsel, in which criminal pleadings are set down, in some of the elementary treatises, where they are placed between pleas to the jurisdiction and pleas in abatement ; from which the inference is sought to be derived, that demurrers constitute a class of pleadings, in criminal causes, prior to, and which may therefore be followed by, pleas in abatement. We perceive no ground, however,

for such an inference.   This classification is not professed to be made for any such purpose ; and it is more probable, that it was suggested, by the circumstance that demurrers were interposed in abatement, as well as in bar, and were more frequently of the latter description.   This, moreover, is by no means an established classification, or one even generally adopted.   Mr. *Archbold*, one of the latest writers on criminal law, in the order of pleadings, mentions demurrers after pleas to the jurisdiction and in abatement, and before special pleas in bar.   It is, however, decisive of the point before us, that it is a well established principle, that when the defendant demurs, whether in abatement or bar, to an indictment for a misdemeanor, and is unsuccessful, the judgment is final, and consequently precludes any further pleading as a matter of right.

*Litchfield,*
July, 1849.

Wickwire
*v.*
The State.

In the case now before us, the judgment rendered by the justice on the demurrer of the defendant, was peremptory, and therefore sanctioned by this principle.   And no exception has been taken to it, nor attempt made to reverse it, on that ground ;   while it would be clearly erroneous, if the judgment should have been interlocutory, and not final.   A peremptory or final judgment, of course, precludes the right to interpose, subsequently, a plea, either in abatement or bar.

But, on the principle which prevails at the common law, as to the order of pleading, and which, so far as our researches have extended, has been held applicable to criminal, as well as civil suits, (with perhaps the exception beforementioned as to indictments for felonies,) the county court were correct in rejecting the plea tendered by the defendant. That principle is, that a defendant shall not be permitted to plead, by way of defence, any matter which has been admitted by his previous pleadings.   It is stated and illustrated, with great clearness, by Mr. *Chitty*, in his work on *Pleading*, *p.* 440.   See also *Arch. Pl. & Ev.* 283.

Whether the plea tendered by the defendant, is to be regarded as technically a plea to the jurisdiction, or in abatement, it is very clear, that his demurrer impliedly admitted, that the complaint was duly presented to the justice, by a person having the requisite official authority to do so, as a grand-juror ; and that the process was, in all respects, regular

and properly before the justice ; since it only set up the insufficiency of the matters alleged in the complaint, and referred only that question to the decision of the court. If the defendant wished to avail himself of a want of authority in the person presenting the complaint, his proper course was, to plead that fact in abatement, in the first instance, and if judgment had been rendered against him, and he further wished to review that judgment, to have appealed from it to the county court, where, if he had also been unsuccessful, it would have been competent for him to interpose any subsequent plea, which would have been admissible, if the suit had proceeded before the justice, or been originally brought in the county court.

To the suggestion that it might operate unjustly, or as a hardship on the defendant, to preclude him from pleading to the jurisdiction or in abatement, after a demurrer or plea to the matter of the indictment or complaint, since he might have been ignorant of the facts on which those previous pleas are founded, it is sufficient to reply, that it is always competent for the court, in its discretion, to relieve the defendant, by permitting him to withdraw the plea which he has entered, and to interpose one of a prior class—a discretion not unfrequently exercised, and which, it is presumable, will always be exercised properly. *Chitt. Cr. Law*, 424. 1 *Wils.* 157.

The remaining question, which respects the admissibility of the evidence received by the county court, for the purpose of shewing, that the persons, to whom the sale of liquors was made by the defendant, as alleged in the third, fifth and seventh counts, were addicted to habits of intoxication, and that this was known to the defendant, at the time of the sale ; has not been pressed before us. These facts were material and necessary to be proved by the state ; and evidence that the defendant had, for a long time before the sale complained of, been in the habit of selling to them excessive quantities of spiritous liquors, to be drunk by them, was clearly admissible for that purpose.

We think that the county court committed no error, in taxing against the defendant the service of the *capias* issued against the witnesses for the state, who disobeyed the *sub-*

*pœna.* It stands on the same ground as other expenses incurred in procuring the attendance of witnesses.

The superior court is therefore advised, that there is no error in the judgment complained of.

In this opinion the other Judges concurred, except WAITE, J., who was not present.

Judgment to be affirmed.