## JAMES L. PROSSER *vs.* SAMUEL J. CHAPMAN.

The defendant in a suit before a justice pleaded in abatement and the justice rendered judgment against him on the plea. He then moved for an appeal to the superior court from this judgment, but the justice refused to allow it and required

him to plead to the merits. He then pleaded the general issue, on which judgment was rendered against him. He then moved for an appeal from both judgments, and the justice allowed both appeals. Held, that the defendant, by pleading to the merits, had waived his right to appeal from the judgment upon the plea in abatement, and that the case could be heard in the superior court only upon a plea to the merits. [Per Storrs, C. J., and Sanford, J.; Hinman and Ellsworth, Js., dissenting.]

Held, that it did not affect the case that the justice had refused to allow the appeal and had required the defendant to plead to the merits, as the justice had no right to refuse it, and could have been compelled to grant it by a mandamus.

Where the pendency of another suit was pleaded in abatement, and it appeared that a prior suit had been brought for the same cause of action and was pending when the second suit was brought, which prior suit was no otherwise defective than in the misjoinder of counts in the declaration, it was held that the writ in that suit could have been amended by striking out one of the counts, and that the suit therefore was not to be regarded as an ineffective one, and that consequently the second suit was a vexatious one, and abateable on the ground of the pendency of the other.

ASSUMPSIT, brought originally before a justice of the peace. The defendant before the justice pleaded in abatement the pendency of another suit for the same cause of action. The justice, on an issue closed upon this plea, rendered judgment against the defendant, from which the defendant moved for an appeal to the superior court. The justice refused to allow the appeal and ordered him to plead to the merits. The defendant then pleaded the general issue, upon which the case was tried and judgment rendered for the plaintiff. The defendant then moved for an appeal from both judgments to the superior court, and the justice allowed both appeals. In the superior court the defendant claimed the right to be heard on his plea in abatement, which the plaintiff disputed, but which was allowed by the court. On an issue joined on this plea the court found the following facts.

On the 9th day of May, 1860, the plaintiff brought his action against the defendant, returnable before a justice of the peace on the 19th day of May. The writ was regularly served by copy on the defendant, and was perfect in all respects except that it contained a count in book-debt joined with the common counts in assumpsit. This was an error in a printed blank which was inadvertently used. The plaintiff's counsel, discovering the error in the blank after the ser-

vice of the writ, and apprehensive that difficulty would arise from it, drew a new writ in assumpsit only, on the 11th day of May, which on the same day was served by copy on the defendant, returnable on the 17th day of May, before the same justice, and is the writ on which the proceedings in this case were had. The plaintiff also drew a notice for the defendant, that the suit returnable on the 19th was withdrawn, a copy of which was left by the officer with the defendant at the time when the second writ was served. Both writs were writs of summons only. The first writ was never returned to the justice or pursued, but all action upon it, after the second writ was drawn, was discontinued. No other reason than the misjoinder of counts in the writ, and the apprehension of difficulty therefrom, was assigned for the discontinuance of the first suit and the commencement of the second ; and no other reason existed.

The court held upon these facts that there was not sufficient reason for instituting the second suit, as the first writ could have been amended by striking out the count in book-debt, and therefore rendered judgment for the defendant on the plea in abatement. The plaintiff thereupon moved for a new trial.

*F. Parsons*, in support of the motion.

1. The plea in abatement was not before the superior court. The appeal was a joint appeal on two issues. Even if it opened the whole case, the defendant could not go to trial on the plea in abatement without withdrawing his plea to the action. By pleading to the merits the defendant waived the cause of abatement and every interlocutory plea. Archbold Pl., chap. 7, § 1. 2 Tidd's Prac., 669. Gould's Pl., chap. 2, § 37. *Wickwire* v. *State*, 19 Conn., 477, 484. *Ives* v. *Finch*, 22 id., 102. *Ball* v. *Kuykendall*, 2 Ark., 195. *Anon.* 7 Mod., 51.

2. The plea in abatement can not be sustained. In the writ first served there were two independent causes of action which could not be joined—book-debt and general assumpsit. *Havens* v. *Hartford & N. Haven R. R. Co.*, 26 Conn., 220.

If this writ could have been amended on the election of the plaintiff as to which action he would pursue, so that the second action should then be held, under the common law dicta, to be vexatious, yet this is a mere fiction of law, and our courts have held for many years that if a second suit is not *vexatious in fact* it may be brought. The superior court has found in effect that the second suit was not vexatious in fact. It could not have been so on the facts found. Where a writ has been served and the plaintiff discovers some mistake or defect in it, if he obtains a new writ and serves it and does not pursue the first, the second will not be regarded as vexatious. 1 Swift Dig., 611. Gould's Pl., Ch. 5, §§ 125, 126. Two suits brought at the same time are held to be making an improper use of legal process. *Beach* v. *Norton*, 9 Conn., 182. But where a second suit was brought after property had been attached in the first suit, but the debt proved not to have been due when the suit was brought, the second suit was held not to be vexatious, and to be good. *Ward* v. *Curtiss*, 18 Conn., 290. The only question in every case is whether the second suit was vexatious in fact. *Quinnebaug Bank* v. *Tarbox*, 20 Conn., 510, 515. *Hatch* v. *Spofford*, 22 id., 485, 494.

*M. Welles* and *R. Welles*, contra.

1. The plea in abatement was properly before the superior court. The appeal was taken from both judgments of the justice, and was allowed by the justice as such. *Blackman* v. *Beha*, 24 Conn., 331. *Quinnebaug Bank* v. *Tarbox*, 20 id., 510. *Boerum* v. *Taylor*, 19 id., 122. The plea to the merits can not be regarded as a waiver of the right to appeal from the judgment on the plea in abatement, for the justice had refused to allow the appeal and had required the defendant to plead to the merits. *Chambers* v. *Haley*, Peck (Tenn.,) 159. *Delahay* v. *Clement*, 3 Scam., 201. *Wild* v. *Hubbard*, 11 Ill., 573. *Secrest* v. *Arnett*, 5 Blackf., 366. *Cleveland* v. *Welsh*, 4 Mass., 591. *Rathbone* v. *Rathbone*, 4 Pick., 89. *Dana* v. *Staples*, 21 id., 208. *Plantation No. 9* v. *Bean*, 40 Maine, 218. *Lacey* v. *Roberts*, Brayton, 20. *But-*

ler v. *Lowry*, 3 Verm., 14.  *Payne* v. *Bacon*, 1 Root, 109. *Wallace* v. *Middlebrook*, 28 Conn., 464.  The final allowance of the appeal by the justice will be regarded as an allowance of the original motion for an appeal and as vacating all the later proceedings, if the allowance of both appeals together was not a proper one.

2. The first suit was pending when the second suit was commenced and tried.  It was not withdrawn.  There was no power to withdraw it until the return day.  Before that time the justice could take no jurisdiction.  Rev. Stat., tit. 1, § 53.

3. The second suit being for the same cause of action, and brought while the other suit was pending, was *prima facie* vexatious ; and it lay on the plaintiff to rebut this presumption. In this case it could not be done, because the first writ was effectual for the plaintiff's recovery.  It contained but one promise and undertaking for several debts therein stated.   The debt by book was a good part consideration to sustain the promise, equally with the other debts set forth.   The aggregate of the whole constituted the consideration for the promise and was good.  *Main* v. *First School District*, 18 Conn., 214, 18.   Smith, J., in *Miller* v. *Ward*, 2 Conn., 497.  But if the writ was defective it was only a formal defect and was amendable.   Gould Pleading, Ch. 4, § 101.   *Jennings* v. *Newman*, 4 T. R., 347, 360.   If one count was good the writ was effectual.   1 Swift Dig., 604.   *Wolcott* v. *Coleman*, 2 Conn., 324, 337.   *Baker* v. *Sanderson*, 3 Pick., 353.   *Cornwall* v. *Gould*, 4 id., 446.   *Smith* v. *Cleveland*, 6 Met., 332.  Unless the first writ was wholly ineffectual, the plaintiff had no right to bring a new one while it was pending.   1 Root, 562, Supplement. *Hart* v. *Granger*, 1 Conn., 171.   Both writs were served by summons, so that no question could arise as to loss of security. The first suit therefore abated the second.   1 Swift Dig., 610. *Buffum* v. *Tilton*, 17 Pick., 510.   *Hatch* v. *Spofford*, 22 Conn., 485, 494.   See also cases before cited.

SANFORD, J.  I have no doubt that the plea in abatement filed before the justice ought there to have prevailed.   Another

suit for the same matter, cause and thing had been commenced, and was pending when this suit was brought. This suit was therefore *prima facie* vexatious, and no sufficient reason was shown for its institution. The misjoinder of counts in the first suit, the only reason assigned for the institution of the second, might have been remedied by striking out, or entering a *nolle prosequi* to either of those counts ; and then the plaintiff's claim could have been as well prosecuted in that suit as in this. 1 Chitty Pl., 549. Gould Pl., 221. 1 Saund., 285, note 5.

It is clear, too, that the defendant's motion to appeal from the judgment on the plea in abatement ought to have been entertained by the justice at the time it was made, and (the requisite security for the prosecution of the appeal being tendered,) the appeal ought to have been allowed. But the question now is, whether the defendant has resorted to the proper remedy for the protection of his rights ; whether, after having pleaded to the action, tried the case upon its merits, and after having had a final judgment rendered against him upon such trial, he could appeal from both judgments to the superior court, and then set up and try his plea in abatement again. I think he could not. By pleading to the action he waived his plea in abatement, and his right to appeal from the judgment thereon, and could not afterwards avail himself of either. See *King* v. *Lacy*, 8 Conn., 499. The law has prescribed and settled the order of pleading which the defendant is to pursue, and after a plea in bar to the action, he can not plead in abatement, unless for matter arising after the commencement of the suit. 1 Chitty Pl., 425, 6. A plea to the action is a tacit admission that the mode in which the plaintiff's remedy is pursued is correct. Gould Pl., 44. See also *Wickwire* v. *The State*, 19 Conn., 477, and *Ives* v. *Finch*, 22 id., 101.

The right to appeal from the judgment on the plea in abatement was one which the justice had no power to deny, and he could have been compelled to entertain the defendant's motion and allow such appeal. So the defendant was under no obligation to obey the justice's order to answer over, but he had a right to waive his plea in abatement, and by pleading to the

action, he gave conclusive evidence of his election to make such waiver. *King* v. *Lacy*, 8 Conn., 499. *Curtiss* v. *Beardsley*, 15 id., 518. It is no answer to say that the defendant pleaded to the action because the justice refused to entertain his motion to appeal, and ordered him so to plead. The justice had no right to reject or defer such motion, and no power to enforce such order. And as the defendant was bound to know the law, he must be presumed to have known his rights and the remedies by law provided for their protection. His compliance with the order of the justice therefore, must be construed an election to make the waiver which his plea implied. It is true that an appeal duly taken vacates the· judgment appealed from; *Curtiss* v. *Beardsley*, 15 Conn., 518; and it was said by Williams, J., in *King* v. *Lacy*, 8 Conn., 502, that a case appealed " comes into the appellate court entirely unembarrassed by any previous proceedings, and the defendant may plead anew as if there had never been any plea below;" but I think the learned judge could not have intended to affirm that the order of pleading should be so far disregarded as to allow a defendant in the appellate court to plead in abatement, who had already pleaded to the action in the court appealed from.

In the case of *Curtiss* v. *Beardsley*, supra, Judge Hinman, in giving the opinion of the court, says (p. 523,) " *As respects the merits of the cause*, the parties may plead anew as if there had never been any pleadings in the inferior court;" and this I take to be the correct doctrine. And in the case of *Wickwire* v. *The State*, before cited, it was held that, after a demurrer overruled by the justice, the defendant was not at liberty in the appellate court to plead in abatement a matter which might have been pleaded in the justice's court prior to the demurrer, because the allowance of such a plea would be in subversion of the rules in regard to the order of pleading established by the common law ; mere matter of abatement being, by a plea to the action, in legal contemplation waived or admitted to be untrue or insufficient. And if, when no plea in abatement has been filed, a plea to.the action is construed a waiver of the right to make such plea, *a fortiori* ought it to

be so construed when a plea in abatement has already been once made and tried, as in the case before us.

For the refusal of the justice to entertain the defendant's motion, the defendant had undoubtedly a plain and effective legal remedy which he omitted to apply, and lost by his voluntary submission to the arbitrary and illegal determination of the justice.

In the case of *Blackman* v. *Beha*, 24 Conn., 331, judgment was rendered against the defendants upon their plea in abatement, and they were ordered to answer over, which they refused to do, and thereupon the justice rendered a final judg-.ment for the plaintiff to recover his damages and costs. Then the defendants appealed from the first judgment on their plea in abatement, leaving the final judgment unappealed from and in force ; and this court decided that that proceeding was irregular, and that the appeal could not be entertained by the superior court while the final judgment was outstanding and in force. Judge Ellsworth, in that case, indeed seems to intimate that an appeal might have been taken from both judgments, when he says, on page 333, " an appeal from the plea in abatement only did not vacate the final judgment," but the question whether an appeal could have been taken from both judgments, or how an appeal from the last one would have affected the defendant's right to try his plea in abatement in the appellate court, was not decided, and did not arise in the case. It is to be observed also, that in that case nothing had been done by the defendant from which his waiver or abandonment of the plea in abatement could be implied. In this case the defendant did a positive act which by legal implication amounts to such abandonment.

I think this defendant should have refused to answer over, insisted upon his appeal, and by mandamus or otherwise compelled the justice to entertain and allow his motion. And if, in the mean time, the justice had rendered his final judgment, that should have been regularly reversed and vacated in due course of law.

Upon the whole I think the course pursued was irregular,

that the plea in abatement was not properly before the superior court for trial, and that a new trial of the cause should be advised.

In this opinion STORRS, C. J., concurred; HINMAN and ELLSWORTH, Js., dissented.

New trial advised.