## Case No. 17,675.

### WILKINSON v. POMEROY.

[10 Blatchf. 524.] [1]

Circuit Court, S. D. New York.   March 14, 1873.

BREACH OF PROMISE TO MARRY — PLEAS—DECLARATION AND WRIT—VARIANCE—DEMURRER —JOINDER OF COUNTS.

1. The proper plea to a count on a breach of promise of marriage, is non assumpsit, and not not guilty; and a plea of not guilty will be stricken out, on special demurrer, as bad.

2. A writ which requires the defendant to answer to the plaintiff in a plea of trespass, and, also, to a certain bill of the plaintiff against the defendant, for damages. in a sum named, for deceit and breach of promise of marriage, sets forth, in the action for deceit, an action in trespass on the case, and the rest of the ac etiam clause may be regarded as explanatory of the subject-matter to which the deceit was applied, or may be rejected as surplusage; and, therefore, the writ is not incongruous.

3. A variance between the writ and the declaration cannot be taken advantage of by a demurrer.

4. A count in assumpsit, for a breach of promise of marriage, and a count in tort, to recover damages for deceit, cannot be joined, and the defect can be reached by demurrer.

5. An objection, that a declaration shows that the cause of action is barred by the statute of limitations, cannot be taken by demurrer.

[This was an action by Sadie E. Wilkinson against Mark M. Pomeroy to recover damages for breach of promise to marry. A motion to strike out a certain pleading filed by defendant was heretofore granted. Case No. 17,674. The cause is now heard on a special demurrer to the first plea of defendant.]

Sidney DeKay, for plaintiff.
James D. Reymert, for defendant.

SHIPMAN, District Judge. The questions presented for consideration in the present stage of this case, and now to be disposed of, arise on the special demurrer interposed by the plaintiff to the first plea of the defendant. The demurrer is, in substance, that the plea should have been "non assumpsit," instead of "not guilty." It appears, from the record, that the defendant had been ordered by the court to file the general issue, and that. under such order, he filed the plea of "not guilty," to the first count in the declaration.

1. The plaintiff claims, that the first count in the declaration is a count in assumpsit, and that the general issue proper to be pleaded to such a count is non assumpsit. This claim is. undoubtedly, correct. The first count sets forth a promise of marriage, made by the defendant. to the plaintiff. May 30th, 1866, the breach of such promise by the defendant, his subsequent marriage to another woman, and a claim for damages, of twenty-

five thousand dollars. This count is based upon a breach of contract, and is, properly, a count in assumpsit. The general issue appropriate to such a count is non assumpsit. The plea of not guilty, to this count. is, therefore, bad, and must be stricken out. 3 Chit. Pl. p. 908, note.

2. The defendant, on the other hand, claims, that the demurrer reaches back through the whole record, and attaches to the first substantial defect, and that there are defects of this character, both in the writ and in the declaration; that one count in the declaration is in tort, and the other is in contract, while the writ is an action in trespass, and for deceit and breach of promise of marriage; and that the whole is incongruous. These objections, certainly, deserve consideration.

The first question is, whether any incongruity in the writ, or any variance between the writ and the declaration, is reached by a demurrer. The writ requires the defendant to answer unto the plaintiff, "in a plea of trespass, and, also, to a certain bill of the said plaintiff against the said defendant. for damages, in the sum of twenty-five thousand dollars, for deceit and breach of promise of marriage." Does this language describe a valid cause of action; and, if so, is that cause of action variant from the first count in the declaration? It is to be observed, that the writ, in this case, was served upon the defendant as a separate process from the declaration, which was filed afterwards. This practice has come to us from English parentage. We should, therefore, look, for light upon these questions, at the common law practice, as it existed when our American colonies became separated from the mother country.

Under the old English practice, the whole original writ was repeated in the declaration, and, if a material variance appeared between the writ and the declaration, the defendant might take advantage of it, either by motion in arrest of judgment. writ of error, plea in abatement, or demurrer. But. this was altered by rule of court. in 1654. ordering that declarations in actions upon the case and general statutes. other than debt. should not repeat the original writ. but only the nature of the action. After this rule was made, the only way in which the defendant could take advantage of a bad original. or of a variance between the original and the declaration, was by praying oyer of the writ, or, in case of a bad original, by writ of error. But, the practice of praying oyer of the original having been much used for delay, the courts came to a resolution not to grant oyer of the original writ, so that no advantage whatever could be had of a defective original, or of a variance between it and the declaration. 1 Saund. 318. note 3. The effect of this rule was to abolish all pleas in abatement for any variance between the writ and the count, and it extended to all pleas in abatement which could not be proved with-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

out an examination of the original writ. Gould, Pl. c. 5, § 64, note 9, and Id. §§ 82, 101. By statute of 13 Car. II. St. 2, c. 2, it was provided, that "the certainty and true cause of action" should be "expressed particularly," in writs, bills and process issuing out of the courts of king's bench and common pleas, and in all bailable actions, where the penalty exceeded the sum of forty pounds. If this provision was not complied with, the defendant was to be bailed upon his own bond for appearance. Blackstone says: "This statute (without any such intention in the makers) had like to have ousted the king's bench of all its jurisdiction over civil injuries without force; for, as the bill of Middlesex was framed only for actions of trespass, a defendant could not be arrested and held to bail thereupon for breaches of civil contracts. But, to remedy this inconvenience, the officers of the king's bench devised a method of adding what is called a clause of ac etiam to the usual complaint of trespass, the bill of Middlesex commanding the defendant to be brought to answer the plaintiff of a plea of trespass, and, also, to a bill of debt, the complaint of trespass giving cognizance to the court, and that of debt authorizing the arrest." 3 Bl. Comm. 288. The same practice was afterwards extended to the court of common pleas.

A question very similar to the one now under consideration was decided in 1769, in the case of Callaghan v. Harris, 2 Wil. 392. The sheriff was commanded to attach the defendants to answer the plaintiff "in a plea of trespass, and, also, that the defendants answer the plaintiff, according to the custom of the said court, in a certain plea of trover, and for converting of the goods and chattels of the said plaintiff, &c." The defendants having been arrested upon this writ, and held to special bail, a motion was made for a rule to show cause why a common appearance should not be accepted for the defendants, alleging that the ac etiam in the writ did not particularly express the cause of action, as the statute of 13 Car. II. St. 2, c. 2, directs, for that there is no such cause of action as a plea of trover. but, it ought to have been, in a certain plea of trespass upon the case, for converting the goods and chattels of the plaintiff, &c. But it was resolved by the court, that the cause of action was fully and clearly expressed. and that, although the ac etiam was not exactly clerical, yet nobody who read it could doubt of the cause of action. So, in the case under consideration, although the cause of action expressed in the ac etiam clause is "for deceit and breach of promise of marriage," which is not exactly clerical, yet, actions for deceit belong to a class of actions well known as actions on the case. and the words, "breach of promise of marriage," may be regarded as explanatory of the subject-matter to which the deceit was applied, or they may be rejected as surplusage. Gould, Pl. c. 3, § 170. The writ, then,

may be regarded as disclosing a cause of action in trespass on the case.

Upon the question of variance between the writ and the first count, the authorities already cited show that a defect of this character cannot be reached by a demurrer. In Thompson v. Dicas, 2 Dow. 93, the writ was trespass on the case, and the declaration was trespass. On a rule for setting aside the declaration for variance, the court held, that, under the uniformity act, the declaration must be conformable to the writ; and the declaration was set aside, with leave to the plaintiff to declare properly under the writ, if he could do so. But, the court held, by Bayley, B., that the variance could not be taken advantage of on demurrer, because it was a "mere irregularity." Chitty lays down the rule in such cases as follows: "Before the uniformity of process act (4 Wm. IV. c. 39) upon common process, the plaintiff might declare in any cause of action whatever. But, in bailable actions, the declarations must have corresponded with the cause and form of action in the affidavit, and the ac etiam part of the latitat or other process; for, otherwise, the defendant would be discharged on filing common bail, and the court would not allow the declaration to be amended in that respect; but, that was the only consequence, for the court would not, in such case, set aside the proceedings for irregularity." 1 Chit. Pl. p. 253. "If the body of the declaration state a cause of action that is not, nor could be, properly declared for, in the form of action stated in the writ, then the deviation would constitute an irregularity and ground for setting aside the declaration, but not a ground for demurrer." Id. p. 254. In our own courts, it has been decided, that a variance between the writ and declaration must be pleaded in abatement. Wilder v. McCormick [Case No. 17,650]; Duval v. Craig, 2 Wheat. [15 U. S.] 45. But, in this case, the defendant has pleaded to the merits, and, therefore, it is now too late for him to plead in abatement. Prosser v. Chapman, 29 Conn. 515.

3. It remains now to consider the objections raised by the defendant to the declaration. Some of these objections are merely formal, and, not having been pointed out in the special demurrer, are not reached by it. Only defects of substance in the declaration can be taken advantage of under a special demurrer to a plea. Gould, Pl. c. 9, pt. 1, § 20.

It is claimed, that there is a misjoinder of counts in the declaration. one count being in contract, and the other in tort. If such misjoinder exists. it is a radical fault, and is reached by the demurrer. Gould, Pl. c. 4, § 98.

As has already been remarked, the first count is in assumpsit. The second count sets forth the deceit of the defendant, in representing that he was a single man, when, in fact, he was married, and, under that mis-

representation, entering into a promise of marriage with the plaintiff, and thereby preventing her from receiving the attentions of other men and making a suitable marriage. and keeping her a single woman for the last six years, and injuring her good name, and hurting her feelings, &c. This is a count in trespass on the case (1 Chit. Pl. 137). or, as it is generally denominated, an action on the case. It sounds in tort. So that there is a count in assumpsit, and a count in case, joined in the same declaration. These counts cannot be so joined, at common law. Gould, Pl. c. 4, §§ 87, 88, 91. If the writ be regarded as substantially for trespass on the case, and the second count for the same cause of action, then the first count, being in assumpsit, is manifestly out of place. The first count, therefore, should be stricken out. Gould, Pl. c. 4, § 101.

As both parties have been greatly in fault in pleading, and as a portion of the pleadings of both parties is to be stricken out, this may be done by both parties without costs.

A further objection is raised to the declaration, that it shows, upon its face, that the cause of action arose more than six years before suit brought, and is, therefore, barred by the statute of limitations of New York. But, the date mentioned in the declaration is not material, and, as the plaintiff can prove any date within the statutory period, such objection cannot be raised on demurrer.